### STATE vs. THOMAS C. MOORE.

*Constitution—Jurisdiction of Court—Registration of Voter—Influencing to Register—Information—Amendment—Pleading—Demurrer—Separate Offenses—Practice—Due Process of Law—Bail Bond—Abatement—Evidence.*

1. When an information is filed charging the defendant with influencing certain persons to register, the State will be permitted, without terms, to amend the information by inserting the names of the persons alleged to have been influenced.

2. The Court of General Sessions is the trial court in all cases arising under *Section 7, Article 5 of the Constitution.*

3. It is not necessary, in order to give the Court jurisdiction, to aver in the information an examination and commitment or holding to bail of the defendant. It is a matter of defense, and defendant may avail himself of the failure to proceed by examination and commitment or holding to bail, by a plea in abatement.

4. If separate and distinct offenses are joined in the same information the State will be compelled to elect which one it will prosecute.

5. A prosecution by information and trial by the Court without the intervention of a jury, is *due process of law* under the *14th Amendment to the Constitution of the United States.*

6. In the prosecution of offenses mentioned in *Section 7, Article 5 of the Constitution* of this State, it must appear by the bail bond that the defendant was held to bail for the offense charged in the information.

7. A recital in such bond that defendant was held to bail for attempting to influence to register "certain persons," is not sufficient to show that he was held to bail for attempting to influence to register A. B.; and the State will not be permitted to show by the complaint and warrant before the Justice of the Peace, that "certain persons" in the bail bond means the person named in the information.

(*October 30, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Walter H. Hayes* and *Herbert H. Ward* for the defendant.

Court of General Sessions, Kent County, October Term, 1999.

INFORMATION filed for violating the provision of *Section 7 of Article 5 of the Constitution* by influencing certain persons to register as qualified voters, (No. 1 April Term, 1899).

The information filed by the Attorney-General was demurred to on several grounds. The Attorney-General thereupon asked leave to file the following amendments to the information:

"And now to wit, this thirtieth day of October, A. D. 1899, comes Robert C. White, Attorney-General of the State of Delaware, and prays leave of the Court to file the following amendments, to wit, by adding to the first paragraph of the first count in said information the following words and names, to wit, Elijah M. Gregory, John Seeney and John Wilmer, and by adding to second and third counts in said information, and before the commencement of said counts, the words following, to wit: And the said Robert C. White, Attorney General as aforesaid now here in the Court of General Sessions of the said State, now sitting in the County aforesaid, further information makes that the said Thomas C. Moore late of Duck Creek Hundred in the county and State aforesaid was on the eighteenth day of April, A. D. 1899, held in bail by Ezekiel V. Cooper, Esquire, a Justice of the Peace of the said State in and for the county aforesaid in the sum of one thousand dollars for the appearance of the said Thomas C. Moore, at the next term of the Court of General Sessions in and for said county, to answer the charge of using money to influence certain persons to register as qualified voters in Representative District, No. 1, in Kent County aforesaid, to wit: Elijah M. Gregory, John Seeney and John Wilmer."

*Mr. White:*—The effect of this amendment is simply the addition of the names, Elijah M. Gregory, John Seeney and John Wilmer. The information charges the defendant, in the first para-

graph, with influencing certain persons, without naming those persons.

LORE, C. J. :—They are not set out in the information ?

*Mr. White:*—We do name them in the counts, but not in the first paragraph of the information. In each count we do state that these certain persons were influenced, naming them.

*Mr. Hayes:*—This is a case of first impression in this State, as to amending this information—in the case of *State vs. Collins, 1 Pennewill, 420,* there was no question raised as to the proceedings.

The only difference between an information and an indictment is that one is found by a grand jury and the other is presented by the Attorney-General. We object to any amendment being made to the existing information. As to filing a new information, that is something else. We are not discussing that question at this time ; and if an amendment is allowed, we think it should be allowed on certain terms.

*Mr. Cooper,* Deputy Attorney-General :—This information is filed under the provisions of *Section 8, Article 5, of the amended Constitution; Section 7, of of Article 5,* enumerating a number of offenses for a violation of the election laws, and *Section 8, of Article 5,* providing the mode in which persons charged with the commission of the offenses enumerated in *Section 7,* shall be tried.

Count number 2 sets out the offense without reciting, as it does in count number 1, that the defendant had been held to bail by a Judge or a Justice of the Peace. The amendment which is offered in no manner changes the substance of the indictment ; it only alleges certain matter which gives the Court jurisdiction, in the subsequent counts of the information.

I take it that unless the defendant had been held to bail by a Judge or a Justice of the Peace, the Attorney-General would not

have the power to file the information, and it would be beyond the jurisdiction of the Court to try it until he was so held.

So that the effect of the amendment goes to the jurisdiction of the Court, to show that the defendant has been held to bail by a Judge or a Justice of the Peace, which was set out in the first count, but not set out in the subsequent counts.

It is true that an indictment ordinarily cannot be amended as to a matter of substance, because an indictment is the finding of a grand jury. It is the finding of the peers of the accused, and it is their finding upon which he is tried. The grand jury is discharged, and if their work is imperfect, of course it cannot be corrected either by the Court or by the Attorney-General.

But an information is filed by the officer representing the government, or as some of the old cases say, " filed by the king " —the government being the party on the one side and the defendant on the other; that the government (as in this case the Attorney-General) may amend its pleadings at any time as a matter of right and not a matter of discretion of the Court.

I find in the states of Kentucky, Vermont, Connecticut, Colorada and Michigan there are informations for certain offenses,—I think all being misdemeanors as this is. Those states have now laid down a uniform line of procedure, and I could not find any case where any of these states using informations had refused to permit an amendment. I do find, however, where some of the states that permit a prosecution for a crime by information, allow amendments.

*State vs. Wright, 24 Atl., (Vt.) 250 ; King vs. Wilks, 4 Burrows, 2568.*

I have been unable to find any case in which an amendment to an information at common law has not been allowed.

LORE, C. J. :—Are we to understand, Mr. Hayes and Mr. Ward, that your position is that an amendment could not be granted ; or that if granted, it must be upon terms ?

*Mr. Ward :*—We take both positions.

*Mr. Cooper:*—Now upon the matter of terms. This is the information of the government; not an information in a civil proceeding in which the Court ought to impose terms. As was said by Justice Mansfield in the case which I cited, the Attorney-General pays no costs, and therefore there can be no imposing of terms so far as costs are concerned.

*Mr. Ward :*—*First,* the Court understand that so far as the common law and the practice of this State are concerned, the matter of an amendment by substance could not be considered, because under the practice an amendment in criminal pleading has never been allowed in this State, except in matters of form and not of substance.

*Second.* We have a provision in our Constitution, the one under which these informations are filed, which infringes most strongly upon the common law rights of a defendant.

In this provision of the Constitution is laid down a certain method and process for prosecuting certain crimes, and what the Constitution expresses is the chart for this Court; anything not expressed cannot be a guide to this Court.

I would say generally about the authorities cited by the learned counsel on the other side, that so far as shown in any of the cases cited, where the amendment was allowed, it was as to matters of form and not of substance.

*Mr. Cooper:*—Lord Mansfield said they could add whole counts.

*Mr. Ward:*—Lord Mansfield said if the amendment had not been allowed the defendant would have been acquitted. We all know that under the extreme application of technical rules in

criminal, as well as civil proceedings in those old days, it took a very little thing in the record, even where it was a matter of form, to acquit a person.

Some of the amendments referred to by Justice Mansfield were like this :   He allowed an amendment in an information from the words "tenor, etc," to the words "purport, etc," which must be, it seems to me, purely and simply a matter of form and not of substance.    The learned counsel on the other side cite but one American authority, and that was a case where an amendment was permitted in the averment of time, to bring it within the statute of limitations.    In that case there is nothing to show that the amendment that was allowed was a material amendment.

In one breath the prosecuting officer says this is not a material amendment, and  before  he completes his period he says that without it he has not shown the jurisdiction of this Court.

Judge Rowell, in the Vermont case argues from that provision of the statute law of Vermont permitting amendments in indictments, and not referring to informations, that he could not exclude the common law in amending informations.    I contend that that averment is not applicable to this.    There was a reference by that Judge to that provision in criminal prosecutions only ; and it was in a statute ; here there is a reference to a provision in the Constitution giving certain powers to amend, and I contend that by clear and plain arguments the power to amend in one, by giving power to amend in the other, is excluded.

Our Constitution is based upon our own institutions; it is based upon what we  have considered in the past to be proper.    If the makers of this Constitution have in their own minds decided that there should be permitted amendments in criminal pleadings, the Constitution should have so stated.

It  expressly  says that amendments may be made in civil actions, and gives no power to amend in criminal actions because the makers of our Constitution chose to give the power to amend in civil proceedings and limited it to that, then we have a clear

conclusion necessarily drawn from that fact that the makers of this Constitution determined that amendments in criminal proceedings ought not to be allowed, and they did not authorize it. It is the application of the old rule, that the expression of the one excludes the other.

*Section 28, p. 981, of the Revised Code*, which is a general provision concerning crimes and punishments, provides: " In a criminal case, judgment shall not be arrested, or reversed, for any clerical misprision, or, formal defect, if the record contain substantial ground for judgment.

" The omission of the words ' with force and arms ' shall be deemed a defect in form merely."

Although that is not directly or expressly to the power to amend, it is, however, a clear indictation as to the extent that our statute recognizes the power to amend in a criminal case. That is to say, it might amend in case of a clerical misprision or formal defect, and we contend that that must be the whole, complete and clear extent of the power to amend in a criminal case, given in this State.

Our Constitution gives a limited jurisdiction to this Court to try this class of cases, by a certain method, and unless the Court is given authority to allow this amendment somewhere in the Constitution, or upon the practice in this State on which the Constitution is based, then the Court ought to refuse this amendment.

So far as the power of amendment generally is concerned, it is unnecessary to bring a lot of cases here, because you will find many varying rules in the different states. I wish to cite, however, *1 Bishop's Criminal Procedure, 127, Sec. 714 (Ed. of 1895).*

We contend that it is an interference with the due order of judicial proceedings, to amend this paper under these circumstances, at this time, because the defendant has been arrested, the information has been filed and the information discloses that this Court has no jurisdiction of this case ; and we contend that it not only inter-

feres with the due order of judicial proceedings, but that it also interferes with the rights of this defendant to be prosecuted according to law, under the Constitution of this State.

*White, Attorney-General :*—This is not a matter of such substantiality as that it affects the rights of the defendants in these cases; it does not affect the case, neither does it affect the right.

The defendant, Thomas C. Moore, is informed in the remaining portion of this information of the nature and character of the charge against him. The name of each person is stated in each of the counts. This amendment is simply to insert those names in the first instance, in what I would call the preamble to the information.

The Supreme Court in their rules have prescribed the form for a bail bond to be taken by a Justice of the Peace, and in a note say : " The above form may be used by Justices of the Peace by making necessary changes." The form of bail bond is as follows :

" ...............County, } ss.
The State of Delaware }

" Be it remembered, that...............of...............County in the State of Delaware aforesaid, personally appeared before me .....................one of the Judges of the State of Delaware, and acknowledged to owe to the State of Delaware the sum of............ dollars, to be levied on their goods and chattels, lands and tennements, respectively, for the use of said State.

" Upon the condition, that if the above bound be and appear before the next Court of General Sessions to be held at............... for the county aforesaid, there to answer such matters and things as shall be objected against him, and particularly touching a charge of violating the provisions of Section 7 of Article 5 of the Constitution of this State, said to have been committed by the said ............in............county on or about the......................day of....... ....A. D.............., and shall not depart the Court with-

out leave thereof, then this obligation to be void, otherwise to be in full force and virtue," etc.

That is the form of the bond that the Court have suggested and prescribed. When that bond is sent to the Attorney-General of the State, what other information has he than that bond, that the defendant was held to bail for violating *Section 7, Article 5, of the Constitution?* We would base our argument on that.

When the members of the Constitutional Convention prescribed this mode of prosecution by information, they of course meant the common law information, as contradistinguished from an indictment, and they meant to, and did use the word " information " with all of its common law characteristics and powers, and there can be no other idea than that of the common law information ; they had no reference whatever to indictment at common law, but took it with all the characteristics, as I say, and habiliments of an information at common law, and the common law process.

*Rev. Code, 981, Sec. 28,* relates entirely to indictments; must refer exclusively to indictments.

LORE, C. J.:—We understand, Mr. Attorney-General, that your application is to add to the first clause of your first information, at the end thereof, these names : Elijah M. Gregory, John Seeney and John Wilmer.

*Mr. White:*—Yes, sir ; stating that they were the parties influenced.

LORE, C. J. :—That was your application in the first instance, and the other was to add to the second and third counts a new paragraph—Do you mean that as a substitute for the first paragraph of these counts ?

*Mr. White:*—No, sir.

LORE. C. J. :—(Referring to proposed amendments) " And

the said Robert C. White, Attorney-General as aforesaid, now here in the Court of General Sessions of the said State now sitting in the county aforesaid, further information makes," etc.—is this to be in lieu of that?

*Mr. White:*—No sir; that is to give the Court jurisdiction.

LORE, C. J.:—You retain this and add the other too?

*Mr. White:*—Yes; this allegation that he was held to bail, and we state the fact that he committed the offense. We think they are both absolutely necessary.

LORE, C. J.:—The Court have considered the arguments made by the respective counsel, and have examined the authorities so far as it was possible in the limited time we had at our disposal, and have reached the conclusion that these amendments ought to be allowed, and we therefore so order.

The defendant excepted.

LORE, C. J.:—The case has come before us in a rather fragmentary way, and we allow the separate amendments, but insist that a new information be filed embodying the amendments—We have the case of Thomas C. Moore before us now.

Upon application of the Attorney-General, the Court then allowed the following amended information to be filed, and defendant excepted.

" Robert C. White, Attorney-General of the State of Delaware, now here in the Court of General Sessions of the said State, now sitting in and for the county aforesaid, information makes, that Thomas C. Moore, late of Duck Creek hundred, county and State aforesaid, was on the eighteenth day of April, A. D. 1899, held to bail by Ezekiel V. Cooper, Esq., a Justice of the Peace, for said State in

and for the county aforesaid, in the sum of one thousand dollars for the appearance of Thomas C. Moore at the present session of the said Court of General Sessions, being now here holden in and for said county to answer to the charge of using money to influence certain persons, to wit, Elijah M. Gregory, John Seeney and John Wilmer to register as qualified voters in Representative District, No. 1, Kent County and State of Delaware.

"And the said Robert C. White, Attorney-General as aforesaid, further information makes that the said Thomas C. Moore, late of the hundred, county and State aforesaid, on the fifteenth day of October in the year of our Lord one thousand eight hundred and ninety-eight, with force and arms at the hundred aforesaid, in the county aforesaid, did unlawfully, by the use of money, to wit the sum of one dollar, lawful money of the United States of America, influence one Elijah M. Gregory, who was then and there a resident and citizen of the said State of Delaware, and possessing all the qualifications to register in the First Representative District of the county aforesaid, as an elector at the General Election to be held on the Tuesday next after the first Monday in the month of November, in the year of our Lord one thousand eight hundred and ninety-eight, as provided by *Section 1, of Article 5, of the Constitution of the State of Delaware*, by then and there giving to him, the said Elijah M. Gregory, the sum of one dollar, as aforesaid, to pay the registration fee of him the said Elijah M. Gregory, in order to enable him, the said Elijah M. Gregory, then and there to register and qualify as an elector in the district aforesaid, in the county aforesaid, and did, then and there, by giving unto him, the said Elijah M. Gregory, the said sum of one dollar as aforesaid, influence him, the said Elijah M. Gregory, to become registered as a qualified voter in the district aforesaid, in the county aforesaid, and for the election to be held as aforesaid, contrary to the provisions of the Constitution of the State of Delaware, in such case made and provided, and against the peace and dignity of the State."

The remaining two counts in the information were similar to the first except in name of person influenced.

A demurrer was filed to the amended information, and the State filed joinder. The substance of the demurrer sufficiently appears in the argument of counsel.

### ARGUMENTS ON DEMURRER BY COUNSEL FOR DEFENDANTS.

*First.* Causes of demurrer numbers 1, 2, 3 and 4 raise practically the same question. That is, the Court of General Sessions had jurisdiction, if at all, to try on information without a jury, persons charged with committing any of the offenses mentioned in *Section 7, Article 5 of the Constitution,* only after such person had been either committed or held to bail by a Judge entitled to sit in the Supreme Court of this State, to appear and answer such charge in said Court of General Sessions.

*Constitution, Article 5, Section 7.*

This appears on the face of the information.

*Second.* Causes of demurrer numbers 5, 6, 7, 8, 9 and 10 raise practically similar questions; that is, it does not appear in and by said information that the defendant has been examined and committed, or held to bail by a Judge or Justice of the Peace to appear and answer the several offenses alleged in the several counts of said information.

An examination and commitment or holding to bail of the defendant to appear and answer the offense informed against, is a jurisdictional prerequisite to the filing of the information; and it must appear to the Court by the information, that there has been such examination and commitment or holding to bail. It is necessary not only to give jurisdiction of the person, but also of the offense alleged in the information.

*Constitution, Art. 5, Sec. 8; Cooley's Const., Lims., (6th Ed.,) 500, N. 21; Work on Courts and Jurisdiction, 88, 89, 94, 95 and 163; 1 Smith's Lead. Cases (8th Ed.), 1124, 1127, 1128 and 1129;*

*Rex. vs. Fraser, 1 Moody, C. C., 407; Reg. vs. O'Connor, 5 Ad. & E. (48 E. C. L.), 16 and 34; Reg. vs. Stowell, 5 Ad. & E. (48 E. C. L.), 44; Challan Min. Co. vs. Wilson, 66 Cal., 374 and 6; Galpin vs. Page, 85 U. S., 350, 365, 370 and 372; McCarty vs. State, 16 Ind., 310; Justice vs. State, 17 Ind., 56; Kreigh vs. State, 17 Ind., 495; Broadhurst vs. State, 21 Ind., 333; Walker vs. State, 23 Ind., 61; Cobb vs. State, 27 Ind., 133; Davis vs. State, 69 Ind., 130; Iter vs. State, 74 Ind., 188; State vs. Helton, 32 N. H., 285.*

It must be proved that there was either an examination and commitment or a holding to bail, in the manner required by the Constitution, to appear and answer the same several alleged offenses in order to convict this defendant. It cannot be proved unless alleged in the information.

*Third.* The question raised by the 11th cause of demurrer is that several separate and distinct offenses are alleged in the same information. It affirmatively appears by the information that the Attorney-General has not attempted to describe the same offense in different ways in separate counts, but has alleged separate and distinct offenses in each count.

*People vs. Quivise, 56 Cal., 396; Tiedke vs. Saginaw, 43 Mich., 64; People vs. Jackman, 96 Mich., 269, 275; People vs. Rohrer, 100 Mich., 126.*

Point of 12th cause of demurrer is that the proceeding in this case is by information and not by presentment or indictment. This is not due process of law in this case in view of the proposed method of actual trial.

*Hurtado vs. California, 110 U. S., 516, 538, &c.; Mo. vs. Lewis, 101 U. S., 22-29; Hallinger vs. Davis, 146 U. S., 314; Holden vs. Hardy, 169 Neb., 360-77, 380-1-2.*

ARGUMENT ON DEMURRER BY COUNSEL FOR THE STATE.

We shall take up the causes of demurrer in the same order in

which the counsel for the defendant presented them. There is a reason why the Constitutional Convention said the Judge should hold the accused to the Court of General Sessions, and why the Justice of the Peace was not named in the latter part of that section.

A new power, by Section 8, had been imposed upon the Court. Never in the history of this State before has it been within the power of a Judge or any of the courts of record to examine the accused, give him a preliminary examination, and hold him to bail for the upper Court. The Constitutional Convention imposed a new duty upon the Judges, and . therefore had to provide some mode by which the Judges of the Supreme Court should fulfill and carry out the duties imposed upon them.  That they have done in the latter part of Section 8.

It was entirely unnecessary that the Constitutional Convention should say that Justices of the Peace should hold to the Court of General Sessions because there is a general statute which says, that they should hold to the court having cognizance of the case, all offenders against the laws of this State.

The second objection which is to the information, and not to the jurisdiction of the Court, is a more serious one. It is that the information does not set out an offense of which this Court had jurisdiction in the jurisdictional clause of the information.

It was not intended by the Constitutional Convention that the Attorney-General of this State, in framing his information, should set it out in duplicate ; first setting it out in all its minutiae and detail for the purpose of showing jurisdiction in the Court, and then that the offense should be restated so as to inform the defendant of the nature and character of the offense charged against him.

It was not incumbent upon the Attorney-General to set out the jurisdiction in a special jurisdictional clause. To ascertain the offense therein committed you are not confined to what is termed the jurisdictional clause.

While they may be paragraphed, they are not two counts. They stand together as one count, and the Court must take all the facts set forth in that count.

The offense is set forth with all the precision and all the particularity which can be required of the Attorney-General, and does show jurisdiction of a crime committed within this county, and within the jurisdiction of the Justice of the Peace.

After all, is this a jurisdictional matter at all?

What was the origin and purpose of the provision of the Constitution which required that information should only be filed after a hearing and commitment before a Judge or a Justice of the Peace, or holding to bail? Why, as all the courts of this country with the possible exception of Indiana, have said, not for the purpose of giving jurisdiction, but as a curb upon the power of the Attorney-General. This Court has absolute and conclusive jurisdiction; no jurisdiction anywhere else; they must be punished here or punished not at all; punished by one mode, or not at all.

It will be observed that there were two courts in Indiana having jurisdiction of the same offenses. With the exception of Indiana the other states are all in accord that it is not a matter necessary to be alleged or proved, but must be taken advantage of, if at all, by a plea in abatement.

*Washburn vs. People, 10 Mich., 372; People vs. Hoffman, 59 Mich., 1; State vs. Bailey, 32 Kan. 83; State vs. Finley, 6 Kan., 366; State vs. Barnett, 3 Kan., 250; State vs. Grier, 48 Kan., 753; Cowen vs. State, 22 Neb., 519; Latimer vs. State, 55 Neb., 609; Weisbroght vs. State, 50 Ohio St., 192; State vs. Anderson, 5 Wash., 350; State vs. Peterson, 45 Wis., 541; Martin vs. State, 79 Wis., 165; State vs. Munson, 7 Wash., 239; State vs. Thompson, 20 N. H., 250; Butler vs. Commonwealth, 81 Va., 159; Brown vs. People, 20 Col., 161.*

It seems that that law has been recognized in this State too long for counsel to raise an objection to it now for the first time. It has been the practice of this Court during the whole history of

this State for indictments to be filed setting forth more than one offense provided they be set forth in separate counts.

In nearly all the indictments in this State separate and distinct offenses are set out in different counts in the indictment. Take the case of indictments for using a female child for immoral purposes ; true it is the same act in that case, but in one count of the indictment it is for taking for the purpose of using, and in another count, it is for using. Or take an indictment for embezzlement; A. B. as a clerk for C. D., alleged as servant and agent, all in separate and distinct counts, but separate and distinct offenses are alleged.

Not only has it always been the practice in this State but it is authorized by law. We have found no State, except Michigan (and it may be under statute there), which holds that separate charges in indictments for misdemeanors cannot be joined.

They could be, and are joined at common law.

*1 Chitty's Crim. Law, 254; 1 Bishop's New Crim. Procedure, 458.*

The last and final ground of demurrer set' forth being the twelfth ground of demurrer, is a challenge of the right of the Court to hear this information and pass upon the facts, without the intervention of a petit jury.

It is expressly stated in two cases that we shall cite that in the 14th Amendment (which is the constitutional restriction upon the States that no person shall be deprived of life, liberty or property, without due process of law)—the words "due process of law," do not mean a trial by jury, nor an indictment by grand jury in criminal cases.

*Hurtado vs. California, 110 U. S., 518, and Holden vs. Hardy, 169 U. S, 366 ; Walker vs. Sauvinet, 92 U. S., 90.*

LORE, C. J.:—Defendant's causes of demurrer 1, 2, 3 and 4, are to the effect, that it does not appear in and by the information, that the holding to bail and other initial proceedings in this case

were had by or before a Judge entitled to sit in the Supreme Court in this State.

Under these causes it was insisted, that this Court of General Sessions was designated as the tribunal to try offenses under *Section 7, Article 5, of the Constitution* only when such cases were incepted before such a Judge ; that the Constitution has designated no trial Court where cases were commenced before a Justice of the Peace.

*Section 8, Article 5, of the Constitution* says, every such prosecution " shall be upon information filed by the Attorney-General, after examination and commitment, or holding to bail, by a Judge or Justice of the Peace, and the cause shall be heard, tried and determined by *the* Court without the intervention of either a grand or petit jury."

*The* Court, not *a* Court, that is, one common Court, whether the case is incepted before a Judge or a Justice of the Peace, is the plain language of the Constitution.

That common Court is specifically designated, further on in said Section 8, where it authorizes the Judge, acting in any such preliminary hearing of an accused person, to bind him with "sufficient surety, or for want of bail, to commit him for his appearance and answer, at the next term of the *Court of General Sessions*."

Again, said Section 8 gives to the accused the right of appeal within three months after sentence, to the Supreme Court; whether the case commenced before a Judge or a Justice of the Peace.

*Clause 3, Sec. 12, Art. 4 of the Constitution* clothes the Supreme Court expressly with the power, " to receive appeals from the *Court of General Sessions* in cases of prosecution under *Section 8, Article 5 of this Constitution,* and to determine finally all matters of appeal in such cases."

These two clauses of the Constitution clearly indicate the Court of General Sessions as the trial Court in all such cases, whether the first steps were had before a Judge or a Justice of the Peace.

We therefore overrule causes of demurrer numbers 1, 2, 3 and 4.

Causes of demurrer numbers 5, 6 and 7 are to the effect that it does not appear in and by the information, that the defendant was ever examined and committed or held to bail by a Justice of the Peace, to answer the offenses alleged in the first, second and third counts, respectively, of said information. Causes of demurrer 8, 9 and 10 are to the same effect, with this qualification, that such proceedings do not appear to have been had before a certain Justice of the Peace, viz., one Ezekiel V. Cooper.

Under these six causes, it was argued, that an examination and commitment or holding to bail of the defendant to appear and answer the offense informed against is a jurisdictional prerequisite to the filing of the information; that it must appear to the Court by the information, that there has been such examination and commitment or holding to bail; that it is necessary not only to give jurisdiction of the person, but also of the offense alleged in the information, and that such preliminary steps must be proved at the trial, and cannot be so proved unless alleged in the indictment.

This point is perhaps the gravest and most difficult of all the questions raised by this demurrer. Counsel, both on the part of the State and the defendant, have argued it at great length, with much learning, and have cited many authorities.

There appear to be two lines of cases: *One* holding that such preliminary steps are jurisdictional prerequisites, and as such must be averred in the information; the *other* holding that while they are necessary steps in the proceeding, without which no conviction can be had; yet that they need not be set out in the information, but avail for the defense of the accused when properly pleaded.

The leading case in the *first* named line is *McCarty vs. the State, 16 Ind., 310,* decided in 1861; where it was held that the Court of Common Pleas has no jurisdiction to hear and determine any case of felony, unless the accused party is in custody, or being on bail, has consented to the jurisdiction; and the information must

show on its face, that such a state of facts exists. This ruling has been followed in *17 Indiana, 56 and 495; 21 Ind., 333; 23 Ind., 61; 27 Ind., 133; 59 Ind., 130, and 74 Ind., 188;* also in *32 N. H., 285.* In these Indiana cases it may be said, there was concurrent jurisdiction in criminal cases in the Court of Common Pleas and in the Circuit Court. The Common Pleas had cognizance of certain specific cases only when the statutory conditions existed, and not general jurisdiction of all that class of cases. In the leading case, *17 Ind., 310,* the Court said, " The jurisdiction of the Common Pleas is evidently limited." Somewhat similar conditions also obtain in New Hampshire.

The leading case in the *second* named line is that of *Washburn vs. the People, 10 Mich., 372,* decided in 1862 ; where it was held that " It is not necessary that an information should show on its face, that a preliminary examination has been had, or been waived, in cases where the defendant is not a fugitive from justice. If the defendant intends to insist upon the want of such examination, he should take the objection by plea in abatement, setting up the fact that it has not been had, or by motion to quash, based on a proper showing by affidavit. This ruling has been followed in *59 Michigan, 1.* Cases bearing more or less directly upon this point were cited by the Attorney-General in the states of Kansas, Nebraska, Ohio, Washington, Wisconsin, Virginia, Colorado and New Hampshire (*20 N. H., 250*).

The provisions of the laws of the respective states following these two lines, are in no case the same as our own—the law of Michigan perhaps being most nearly in accord with our law. While they serve to throw light upon the questions at issue, in illustration of the principles involved, we think it neither necessary nor profitable to comment upon them in detail.

We must necessarily turn to the language and provisions of our own Constitution in order to solve this question.

Under its terms every prosecution for any of the offenses named in said Section 7, Article 5, are to be had in the Court of

General Sessions, upon information filed by the Attorney-General, after examination and commitment or holding to bail, by a Judge or a Justice of the Peace, and the cause shall be heard, tried and determined by the Court without the intervention of either a grand jury or a petit jury.

The Court designated is one of general criminal jurisdiction, to which such cases would properly go under the constitutional distribution of judicial power among the several courts of the State. The Constitution gives to this Court, the general and exclusive jurisdiction, of every offense arising under Section 7, Article 5, without condition or limitation, other than by prescribing the mode in which such prosecution shall be conducted.

The first step in such mode, being by a commitment or holding to bail by a Judge or a Justice of the Peace. This is not an unusual proceeding.

In the second step the State complains on *information* filed by the Atorney-General ; which is a common law remedy.

The third step is that the trial shall be by the Court without grand or petit jury ; which certainly is not a qualification of the general jurisdiction; whatever may be said as to the policy or wisdom of such a method.

These provisions apply not to exceptional cases, under exceptional conditions, but to all cases that can possibly arise under said Section 7, Article 5.

These steps therefore seem to be distinct, and somewhat independent of each other. Each one being necessary in the orderly progress of the prosecution, and all must conjoin before conviction of the accused may be had. But why should it be necessary to aver in the information the commitment and holding to bail, which is no part of the offense charged ; when the mere fact that the offense is within said Section 7, of Article 5, excludes any and every other jurisdiction and any and all other cases and conditions.

It may be that the Convention deemed it wise to curb the discretion of the Attorney-General, by subordinating his act of filing

the information, to a preliminary hearing before a Judge or a Justice
of the Peace; with which hearing he may or may not have had
anything to do, and that he might only proceed against any citizen
in such election cases after such preliminary hearing.

Such commitment or holding to bail is and can be no neces-
sary part of the offense charged in the information, and is there-
fore extraneous to the information, unless the peculiar conditions
surrounding the case make it so necessarily jurisdictional, as to
force it into the information to show the Court its right to proceed
in the case. Surely in this case no such peculiar and exceptional
conditions exist, under the plain, exclusive and sweeping terms of
the Constitution conferring this jurisdiction. It cannot be neces-
sary for the information of the Court; and so far as it is a shield
for the defendant, he may always avail himself, by proper plea, of the
failure to proceed by such commitment or holding to bail.

It is not like the Indiana case, embarrassed by concurrent juris-
diction of two courts of general jurisdiction of criminal cases; but
where the Court of Common Pleas took jurisdiction in certain ex-
ceptional cases of a general class which were surrounded by special
conditions, and in which different modes of proceeding were re-
sorted to under certain circumstances. There it would seem only
reasonable to insist that the specific conditions should appear upon
the face of the information. It is not like the New Hampshire
case where the jurisdiction of the higher Court, was only of as-
saults of an aggravated nature, the general jurisdiction of assaults
being vested in Justices of the Peace.

Entertaining this view of the case, in our judgment, these
causes of demurrer should be overruled.

Cause of demurrer number 11.—" For that it appears in and
by said amended information that there are three separate and dis-
tinct counts, one of which counts purports to allege a separate and
distinct offense."

It is contended on the part of the State, that even though the
offenses are separate and distinct; that they may be joined in the

same information, when such offenses are misdemeanors, as for example, assaults on separate persons.

This contention is based upon *1 Chitty's Criminal Law, 254,* and *1 Bishop on Criminal Procedure,* where it is held that "It is the constant practice to receive evidence of several libels and assaults upon the same indictment;" because in criminal proceedings no compensation is given to the prosecutor, and public security is the object to be obtained.

This doctrine is based upon the leading case of *Rex vs. Benfield and Saunders, 2 Burrows, 983,* which was a conviction of several persons for publicly singing with loud voices in the street before Cooke's dwelling, libelous, defamatory and lewd songs.

The Court sustained the joinder because "they looked upon this to be one offense; the gist of the charge is singing these songs in the manner and with the intent charged in the information, and singing them at the father's door; with intent to discredit him and his children."

This case criticises and overrrules the *King vs. Clendon, 2 Lord Raymond, 1572,* which decides that a man could not be prosecuted upon one indictment for assault on two persons, although the assault was one act.

These leading cases seem to confine joinder to such offenses as grow out of one act or transaction; such as are congruous or a series of related wrongs; in which the same evidence is applicable to all counts. They do not justify the broad and unqualified doctrine of the text books.

When, therefore, separate and distinct offenses are charged in one indictment, the State may be called upon to elect which of the offenses shall be prosecuted.

We hold, therefore, that these three distinct offenses, should not be joinded in this information, and that the State may be called upon to elect which one of the three it will prosecute.

The twelfth cause of demurrer is,—"For that it appears in and by said amended information, that the prosecution of the crimes

therein alleged is by information, and is not by presentment or indictment found by a grand jury drawn, summoned and qualified according to the law of the State of Delaware."

The point of this cause of demurrer is, that the prosecution being by information, and the trial by the Court without the intervention of a jury, is not *due process of law* under the *14th Amendment to the Constitution of the United States.*

The recent case of *Holden vs. Hardy, 169 U. S., 366,* quite fully states the law on this subject.

The opinion of the Court was delivered by Justice Brown, Judges Brewer and Peckham only dissenting. The opinion carefully reviews all the preceding decisions of the Court, and from it we gather the following compact statement of the law.

In *Walker us. Sauvinet, 92 U. S, 90,* " it was held that a trial by jury was not a privilege or immunity of citizenship which the States are forbidden to abridge, but the requirement of due process of law was met, if the trial was had according to the settled course of judicial proceedings." " Due process of law," says Chief Justice Waite in that case, " is process due according to the law of the land ; this process in the States is regulated by the law of the State."

Similar rulings with regard to the necessity of a jury, or of a judicial trial in special proceedings, were made in *Kennard vs. Louisiana, 92 U. S., 480 ; McMillan vs. Anderson, 95 U. S., 37 ; Davidson vs. New Orleans, 96 U. S., 97 ; Watson vs. Nevin, 128 U. S., 578, and Ex Parte Hall, 107 U. S., 265.*

In *Hurtado vs. California, 110 U. S., 516,* where the proceeding was by information, " it was held that due process of law did not necessarily require an indictment by a grand jury, in a prosecution by a State for murder."

The very learned and able dissenting opinion of Justice Harlan in this case, is a credit to his great learning and ability as a Judge and lawyer, but may not avail where we are seeking what the Courts have decided, and not what some one member of the

Court may have said. Our inquiry is not what any one Judge may have declared, however wisely, but what is the law as determined by the opinion of the *Courts*.

So far as the Supreme Court of the United States has passed upon the point raised in this cause of demurrer; it has been against the defendant's contention. The judgments of this Court, in construing the Federal Constitution, are those of the Court of last resort in such cases and are necessarily final until it sees fit to declare otherwise.

We therefore overrule this cause of demurrer.

Defendant's attorneys thereupon filed the following plea in abatement:

"And now, to wit, this third day of November, A. D. 1899, the said Thomas C. Moore, by Walter H. Hayes and Herbert H. Ward, his attorneys, comes into Court here and says, that he, the said defendant, never was held to bail by Ezekiel V. Cooper, Esquire, a Justice of the Peace of the said State of Delaware in and for Kent County, to appear at the April Term, A. D. 1899, of said Court of General Sessions, and answer any of the several offenses charged against him in said information, as is supposed and alleged in said information, and this he is ready to verify; wherefore he prays judgment of the said information, and that the same may be quashed.

"THOS. C. MOORE."

"And now, to wit, this third day of November, A. D. 1899, the said Thomas C. Moore, the defendant in the above stated case, maketh oath and saith that the plea hereto prefixed is true in substance and in fact.

"THOS. C. MOORE."

Replications were filed by the Attorney-General to the above plea, and *similiter* by defendant.

On November 7th the case came on for trial before the Court, and Ezekiel V. Cooper, the Justice of the Peace before whom

the defendant was held to bail, was placed upon the stand, and proved the execution of the bail bond, which was in the following form :

" Kent County,  } ss.
The State of Delaware,

"Be it remembered that Dr. Thomas C. Moore of Duck Creek Hundred, and William A. Faries of Duck Creek Hundred, in said County, personally appeared before E. V. Cooper, a Justice of the Peace for said county, and acknowledged to owe the State of Delaware the sum of one thousand ($1000.00) dollars to be levied on their goods and chattels, lands and tenements, respectively, for the use of said State :

"Upon the condition : that if the above bound, Thomas C. Moore, be and appear before the next Court of General Sessions to be held at Dover for the county aforesaid, there to answer such matters and things as shall be objected against him, and particularly touching a charge of the using of money by him to influence certain persons to register as qualified voters in Representative District Number One in Kent County, Delaware, said to have been committed by the said Dr. Thomas C. Moore at Duck Creek Hundred, in said county on the first day of August, and shall not depart the Court without leave thereof, then this recognizance to be void, otherwise in full force and virtue.

"THOS. C. MOORE, [SEAL.]
"W. A. FARIES, [SEAL.]

"Taken, signed and acknowledged before E. V. Cooper, a Justice of the Peace for said county, the eighteenth day of April, A. D. 1899.

"E. V. COOPER, J. P."

*White, Attorney-General:*—There is a latent ambiguity appearing in the bail bond. We offer this in evidence to prove that the defendant was held for the offense alleged in the first count of this information.

*Mr. Hayes:*—We object to it because it does not show that the defendant was held to bail to answer any offense at all.

LORE, C. J.:—We understand that your objection is to the admission of this paper, not to its sufficiency when admitted. It may be admissible and yet may not be sufficient. But we are now upon the question of its admission in this case. We think it is admissible for whatever it is worth, and rule it in.

The defendant excepted.

The Justice was then asked by the Attorney-General, "Was there, or not, a warrant presented to you by any officer of the law at the time Doctor Moore executed that bail bond?"

The question was objected to by counsel for defendant, and the Attorney-General stated that the bond recited that the defendant was held for using money to " influence certain persons to register as qualified voters," etc., and that the State proposed to prove by the whole record of the proceedings in the case which terminated in the execution of the bond, that " certain persons " included the person named in the first count of the information, viz: Elijah M. Gregory, and that he intended to confine himself to the record.

*Counsel for the defendant:*—We object to the admission of any testimony which explains or in any way modifies or alters the phraseology of the bond. We object to everything except the bond. We hold on the authorities previously cited by us in the cases in Alabama, Texas and Georgia that in a suit upon a bail bond no testimony whatever can be introduced to explain the bail bond or to make it sufficient if it does not show upon its face that it is sufficient; that where the bail bond does not fully disclose the crime, parol testimony cannot be introduced to show there was a crime for which the man was held to bail. The ground on which those decisions rest is that the bail bond is a document made in strict accordance with express direction of law, and that the rule of law in such a

case, where the law requires that the contract be put in writing—and a bail bond is a contract—is that you cannot modify that in any way or vary the words or meaning of the contract by parol evidence. To the same effect are the following cases in our own State: *Crockett vs. Green, 3 Del. Ch., 466 (485); Tatum vs. Barrett, 3 Houst., 226.* Also *Clark's Criminal Procedure, 91; 2 Supreme Court of Georgia, 163.*

*Counsel for the State:*—This is not a case of varying a written contract by parol testimony. We are not dealing here with the contents of this contract. The issue is whether the defendant was held to bail for attempting to influence Elijah M. Gregory to register as a qualified voter in Representative District No. 1, Kent County. That being so, we are not offering parol testimony to vary the contents of this bond, but we are offering the entire record in the case to prove that fact. We started out in this case to prove the entire record, but the Court held it was only necessary to prove the bond. We propose to show by the entire record that the bail bond was founded upon the warrant, and that the warrant was founded upon the complaint, so that there can not be any room to doubt that the proceedings from their inception to their conclusion were *bona fide* and legally complete. When the issue is raised as to whether this man was held to bail for the offense named in the information, it is competent and absolutely necessary to introduce the entire record to prove the fact as to whether or not the defendant was held to bail for influencing Elijah M. Gregory. It is a matter of the admission of the record. Shall a part of the record be conclusive or is the entire record admissible to prove the fact? As a general principle of law, the entire record must be introduced, and not a part of it to prove that fact—*Section 8, Article 5 of the Constitution.*

BOYCE, J.:—" Every prosecution for any of the offenses mentioned in Section 7 of this Article shall be on information filed

by the Attorney-General after examination and commitment, or holding to bail," etc., is the language of the Constitution.

It may be observed at the beginning of what I have to say that the initial " examination and commitment, or holding to bail" in the prosecution of one of those offenses is a matter of *substance* in the procedure, and not one of mere form ; although, as we have already held, whether the preliminary steps have been taken, under the requirement of the Constitution is a question for the defense under a proper plea rather than one affecting the jurisdiction of the Court.

The question now presented by the plea in abatement, filed in this case, is, in effect, whether the defendant was, prior to the filing of the information by the Attorney-General, held to bail for the same offense charged in the information.  Upon the issue of fact thus tendered there has been a joinder by the prosecution ; and the execution of the bail bond having been proved, and the bond itself, admitted in evidence, subject to the objection made by counsel for the defendant that the offense mentioned in the bond is not the same as is charged in the information, the Attorney-General has proceeded to inquire of the witness, Ezekiel V. Cooper, Esq., the Justice of the Peace, who held the defendant to bail, as to matters, *aliunde* the bond, touching the record of the Justice in the preliminary proceedings below.

The question which has been propounded to the Justice is, " Was there or not a warrant presented to you by any officer of the law at the time Doctor Moore executed that bail bond ?"   The question has been objected to and counsel for the defendant has called upon the Attorney-General to state the object and purpose thereof.   The latter has replied, in substance, that the evidence sought to be introduced is to show by the record of the Justice, from the filing of the complaint and the proceedings thereafter to the taking of the bail bond, that " certain persons," embraced in the description of the offense charged in the bail bond, include among others, the name of Elijah M. Gregory, mentioned in the information filed in this case.

We are, therefore, informed that the Attorney-General now proposes to go outside of the bail bond to ascertain and show by the record of the Justice, if perchance the record may disclose, either by the complaint filed, or otherwise, the identity of the offense for which the defendant has been held to bail as described in the bail bond and that charged in the information.

After the most careful consideration which I have been able to give the question involved in this issue in so limited a time, I am brought to the conclusion, without stopping to give any extended reasons therefor, that before the Attorney-General is authorized to file an information for any of the offenses enumerated in *Section 7, Article 5 of the Constitution* it must, at least, in the case of a "holding to bail," substantially appear on the face of the bail bond that one of the offenses defined by the Constitution for which an information may be filed, is charged or set forth in the bond. For the reason that in order to constitute a holding to bail within the meaning, contemplation, and purpose of the Constitution, the bail bond sent up to this Court must charge an offense within the terms and provisions of the Constitution in language, sufficiently certain to inform the accused of the offense with which he is charged so that the defendant in the preliminary proceedings required by the Constitution may have notice of the nature and character of the offense charged against him. We may say that the description of the offense necessary to be embodied in the bail bond, need not, however, be so particular and technical as is required to be charged in the information.

If, therefore, the offense charged is not thus substantially set forth in the bail bond, which after all is the primary and exclusive evidence of a holding to bail (the rules of secondary evidence as to lost instruments being applicable), then this Court is not warranted in going into a hearing and examination of the record of the Justice for the purpose of supplying a material defect therein in that regard. And it is the judgment of a majority of the Court that the evidence which is now sought to be introduced by the

Attorney-General is not admissible, at least, for the purpose for which he seeks to offer it. For if the bail bond in evidence in this case, be materially defective, such defect cannot be cured in this way.

In arriving at this conclusion, we do not feel that it will necessarily retard or hinder the due administration of justice in the cases now before us, nor that it will have the effect to embarrass the prosecuting officer in like cases in the future.

Whenever a defective or insufficient bail bond shall be sent up to this Court in similar cases, it will be necessary for the Attorney-General to procure a proper one before filing his information, for the same reason that he must always seek a good and sufficient indictment where one found is bad or insufficient.

PENNEWILL, J.:—I entirely concur in the opinion delivered by Judge Boyce.

The sole and distinct issue raised by the plea in abatement, is whether the defendant was held to bail by the Justice of the Peace for the offense charged in the information. The plea is based on the provision of the Constitution which permits the filing of an information only after an examination and commitment or holding to bail, for some offense enumerated in *Section 7 of Article 5, of the amended Constitution.* This provision is in Section 8 of said article, and is in the following language : " Every prosecution for any of the offenses mentioned in Section 7 of this article shall be on information filed by the Attorney-General, after examination and commitment or holding to bail by a Judge or Justice of the Peace, and the cause shall be heard, tried and determined by the Court without the intervention of either a grand jury or a petit jury."

This Court has already, in the progress of this case, decided that the failure to hold to bail, for the offense charged in the information is a matter that the defendant may take advantage of by proper plea; and it is not disputed that the plea in abatement is the proper plea.

It must be observed that the question is not, whether a complaint was made, or warrant issued, by the Justice; or what was contained in such complaint or warrant if made or issued. Under the plea filed, there is but one point to be considered and determined by the Court, and that is whether there was a holding to bail for the offense charged in the information. That being the only fact in issue, the question arises, how shall it be proved. Can the record of the Justice or anything other than the bail bond be admitted to prove such fact?

It should be borne in mind in the discussion of this question, that under the laws of this State a bail bond is required to be given, and it is also required to be in writing. The Attorney-General insists that such bond is a record of this Court in this case, and that it is sent up here under a requirement of the law by the Justice before whom it was taken. If such be the case, certain it is that neither the complaint, warrant, or any other paper or proceeding before the Justice is sent here, or is required by law to be sent. Assuming the position of the Attorney-General to be true, we have the bail bond as a record in this Court, and that alone from the Justice of the Peace.

But it may be a question after all, whether the bail bond is in effect anything other than a contract under hand and seal between the principal and surety therein and the State; and governed by the same principles of law and evidence, in the contention before us, as other sealed instruments. I recognize the fact that this is not a suit on the bail bond, but it by no means follows that the rules of law would be in anywise different, when it is sought to vary, modify or explain the bond in which there is no latent ambiguity, and when such bond is required by the laws of the State to be in writing. There seems to be abundant authority to the effect that you cannot modify or explain by parol testimony the terms or provisions of a contract required by law to be in writing.

What other rule of evidence can be applied to this case? Certainly a more liberal rule cannot be contended for because this

is a criminal action, and not a civil action based on a contract; because no principle of law is more clearly settled than the one which permits nothing to be gathered or supplied by inference or intendment in a criminal proceeding that may affect the rights of the defendant.

The bond recites that the defendant was held to bail for using money to influence to register "certain persons," and it is sought to show by the record before the Justice, to wit, by the complaint and warrant, who were meant by the words "certain persons." In other words, the effort is to vary or explain the bail bond by introducing evidence *aliunde* the bond and extraneous thereto, to show that the defendant was held to bail for using money to influence Elijah M. Gregory to register, when according to the bond he was not held for that offense.

It is an attempt to explain or supply by extraneous evidence, something in the bail bond, there being no latent ambiguity therein, so that it may be made to appear that the defendant was held to bail for the offense charged in the information, when the bond described no such offense. I think that neither reason nor authority will sanction the admission of such testimony, or warrant such proceeding.

The Constitution provides that there shall be an examination and commitment or holding to bail before there can be any information filed. *The holding to bail* is a fact to be proved by the State, when a plea in abatement is filed in the case. But surely no one would contend that such fact could be proved in any other way than by the bail bond itself, when such bond can be, and is, produced as in the present case. Certainly the complaint and warrant, or any other part of the record of the Justice, could not be admitted to prove that the defendant was held to bail. How then can it be successfully argued that such evidence can be admitted to show the offense for which he was held to bail? The fact that the defendant was held to bail for the offense charged in the information is to be proved, just as the fact that he was held to bail, and

how can it be proved otherwise than by the bond itself? The bond is the thing that holds the defendant and secures his appearance at Court to answer to some charge. But for what charge is he to answer? How is he to know, and how is it to be ascertained? Must it not be incorporated in the bond? Unless it be at least substantially set forth therein how can the defendant know for what he is to answer? It is the bond that the defendant and the surety sign and deliver; it constitutes their undertaking and agreement with the State, and by its very terms becomes void and of no effect if the defendant appears and makes answer to the charge therein mentioned. The offense therefore enters into and becomes an essential part of the condition of the obligation, and how can it be omitted without invalidating the instrument or making the bond insufficient in law? Not only is it reasonable and proper that the offense should be sufficiently described in the bail bond, but it is absolutely necessary because such offense inheres in the undertaking and agreement of the parties, which is evidenced by the bond and by that alone.

But as a matter of fact how could it be shown that the "certain persons" mentioned in the bail bond embraced the individual named in the information, unless the Justice of the Peace who took the bond is permitted to explain whom he meant by "certain persons"? He is the officer who held the defendant to bail, and he alone would be able to say whom he meant by the general language he employed in the bond. But certainly no one will contend that the Justice could be allowed to so explain. To permit him to do so would be in violation of one of the plainest and clearest rules of evidence. How is it possible then to permit the introduction of the complaint, warrant, or any other part of the record of the Justice to accomplish the same purpose? How could it be any the less in violation of the well settled principles of law, because complaint and warrant are parts of the record in the case before the Justice? Unquestionably they are not parts of the record in this Court. But it is insisted that because the bail bond

is admitted in evidence it would be perfectly proper and legal to admit the whole record of the Justice, because the bond is only a part of the record in the case. It must be perfectly obvious, however, that even if the bond is a part of such record, it is the only part of which the Constitution speaks, so far as the question now before us is concerned, and the only part with which we have to do.

But if the testimony sought to be introduced were not inadmissible under the rule of evidence already mentioned, how could it, I submit, be material to the issue now before the court? How is it possible that the record of the Justice can supply an omission in the bail bond, or in anywise aid the bond in the matter of the offense? The question is not for what offense, under the record below, the defendant might have been held to bail, or should have been held to bail; neither is it for what offense the Justice intended to hold him to bail, but for what offense in fact he *was held to bail.* And if it does not appear from the bond itself that the offense for which he was held is the same as that charged in the information it is not, in my opinion, competent or possible to show it by other evidence. I therefore think that the record of the Justice, or any testimony other than the bail bond, is inadmissible to prove the offense for which the defendant was held to bail.

LORE, C. J., (dissenting):—The question before us is, whether the bail bond taken before the Justice of the Peace in this case below, is the *only* evidence that we may consider, in ascertaing the fact of whether there was a "holding to bail" in this case, within the meaning of the Constitution.

Is the bail bond itself all that is included in that term, or does the term include the legal proceeding of which the bail bond is only one and the concluding part? Upon the interpretation of these three words this question depends.

The Constitution does not define what a "holding to bail" means. We must therefore look for its interpretation to the laws of this State, governing the criminal jurisdiction of a Justice of the Peace or other committing magistrate.

A bail bond does not stand alone, as an independent and complete proceeding in itself. A Justice of the Peace may not of his own volition, or of his own caprice, without due process of law compel a person to execute a bail bond. He must proceed under the authority of his general criminal jurisdiction, described in *Chapter 97 of the Revised Code*, unless otherwise expressly provided. This includes the warrant for and arrest of the defendant, an examination or waiver thereof, then a commitment or a bail bond; of all of which necessary proceedings under Section 3 of of the said Chapter 97, the Justice of the Peace must keep a record. Therefore, "holding to bail" it would seem presupposes and includes all these connected and necessary features appropriate to each case.

Of this record, the bail bond is only a fragmentary part.

The Constitution evidently contemplates that there must be such a preliminary hearing before a Judge or a Justice of the Peace, including a commitment or bail bond, before the Attorney-General can file an information in any such case. If such preliminary hearing be had in fact, the constitutional prerequisite to the information is fully met.

If that preliminary hearing has been had, what may be the evidence of the offense charged? Are we confined to the face of bail bond? Is this the only, the conclusive and exclusive evidence of that offense, or may we examine the entire record of which the bail bond is only one related part?

We are not interpreting a contract, but seeking the evidence of what is the offense charged below.

If we are confined to the face of the bail bond in ascertaining this fact, then the crime prescribed in the Constitution may have been committed, the constitutional preliminary hearing duly had and every safeguard provided by the Constitution thus thrown around the defendant; yet because the Justice of the Peace has not technically and clearly set out the specific offense in the bail

bond, the criminal goes unwhipped of justice; although the general clause of the bail bond covers this offense in general terms.

This would be sacrificing substance to a matter of form.

Again; if the face of the bail bond be the only evidence admissible as to the offense on which the hearing was had below, gross injustice might result to the defendant. From ignorance, mistake or otherwise, a defendant might execute a bail bond for an offense entirely different from the one covered by the hearing below; yet in such a case, on the trial on the information in this Court, he would be precluded from showing from the record of the Justice of the Peace that it was not the offense for which the hearing was had; the face of the bail bond in such case being conclusive. It will be seen that such a rule would annul the constitutional protection of a preliminary hearing in that particular case.

It must be borne in mind that this is not a suit upon an instrument of writing, a written contract between the parties where both are necessarily confined to what is contained within the four corners of the paper itself, where the contract is clear and unambiguous; but this is the mere ascertainment of the fact, of whether the defendant had the constitutional preliminary hearing and with what offense he was charged in that hearing; the bail bond being only one of the several parts of the record of that hearing, more than one of which several parts might and should disclose the offense charged.

It is not a question of the contradiction, modification or alteration of a contract in writing by parol evidence, and therefore does not come within the cases cited by the defendant; it is merely the ascertainment of the offense charged against the defendant from the whole record; every part of which is of equal force and validity under the well settled rules of evidence.

If the defendant in fact was arrested for the offense, had a hearing or waived a hearing, and executed a bail bond for this specific offense, and that fact appears on the entire record; although it is not fully disclosed on the face of the bail bond, in my judg-

ment we should consult the entire record, and not confine ourselves to a fragment thereof; otherwise we permit the failure of the Justice to set forth the particular offense on the face of the bail bond, to vitiate the entire proceeding and thus defeat the salutary provision of the Constitution as to this particular prosecution.

By such a construction, we make the conviction or acquittal of the defendant depend upon the skill of the Justice of the Peace (who may be unlearned in the law) in drawing legal papers; and not upon the main issue as to whether the defendant is guilty or innocent of the crime charged.

Adopt this rule in such cases; and we will find ourselves in many cases, upon subtle objections raised by gentlemen learned in the law, trying the capacity of the Justice of the Peace, and not the defendant's guilt; this, too, on inspection of a fragment of the record of the Justice, while we deliberately shut our eyes to and exclude all the rest of the record which might remove all doubt. It would be no stretch of fancy to behold the defendant, looking on in somewhat merry amusement in this contest over words and phrases—this trial of the proficiency of the Justice, under which he goes free, although upon the merits he would readily be found guilty.

I cannot believe that the phrases " examination and commitment " on the one hand, or " holding to bail " on the other hand, as used in the Constitution, embodied as they are in a provision which is broadly remedial in its character, and was designed to meet and overcome a grave menace to our institutions, are to be interpreted by such a narrow ruling.

These terms mean not only the paper commitment and the paper bail bond, but also the entire record of the Justice of the Peace in each particular case, of which these respective papers are only the conclusion. In my judgment, the Court under the rules of evidence and in the due administration of justice, may, and in cases of doubt is bound to examine the entire record as to any fact which is properly disclosed upon the face of that record, and that

we should not suffer the arm of the law to be paralyzed by the examination of a part of the record when the whole record would carry out and not defeat the constitutional provision.

For these reasons I am compelled to dissent.

The defendant was discharged.